## J. R. TALLY *v.* D. E. McINNIS.

[56 South. 313.]

1. DEDICATION. *Description of land.*

    A deed describing the land conveyed as "part of lot 4 in block 164 of the Crittenden survey of the town of Hattiesburg, Perry county, Mississippi, and more particularly described as follows, to-wit: Commencing at the northeast corner of lot 4 and running in a northwesterly direction thirty-five feet; thence southeast eighty feet; thence north to the point of beginning, is void for uncertainty in description.

2. SAME.

    From such a description it is impossible to ascertain what part of the lot was intended to be conveyed.

APPEAL from the circuit court of Forrest county.

HON. P. B. JOHNSON, Judge.

Suit by J. R. Tally against D. E. McInnis et al. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*N. C. Hill* and *J. R. Tally,* for appellant.

As to the second ground of appellees' demurrer, we submit that the description in the deed of March 2, 1898, to the city of Hattiesburg is not void for uncertainly, but that it does describe a piece of property which can be and has been by the city of Hattiesburg cut out of the piece of property purchased by appellees. Let us take that part of the description which is designated in the deed as "particularly described as follows, to-wit: Commencing at the northeast corner of lot 4, and running in a northwesterly direction thirty-five feet, thence southeast eighty feet, thence north to the point of beginning. By reference to a map made of said property by the engineer of the city of Hattiesburg it has been and is

clearly shown that this description owing to the peculiar shape of the survey of the city of Hattiesburg did take a little more than eleven hundred square feet of the said lot 4, block 164, and anyone can exactly demonstrate for themselves by drawing a line and following the description that it is definite enough to get the property called for, and so far as this piece of property is concerned we know that they not only can get it under the description but the city of Hattiesburg has it now under their control and possession.

*Stevens, Stevens & Cook,* for appellee.

The second ground of demurrer is well taken, that is, that the deed of conveyance from D. E. and Ella Mc-Innis to the city of Hattiesburg, made in this suit the basis for the claim for breach of warranty, contains no definite or accurate description of any portion of the real estate purchased by Mr. Tally, and the said deed to the city is absolutely void for uncertainty in description. We respectfully refer the court to the exact language of the conveyance made ''Exhibit G'' to the declaration, the description in which is as follows: ''Part of lot four, in Block No. one hundred and sixty-four, of the Crittenden survey of the town of Hattiesburg, Perry county, Mississippi, and more particularly described as follows, to-wit, commencing at the northeast corner of lot (4) four, and running in a northwesterly direction (35) thirty-five feet; thence southeast (80) eighty feet, thence north to the point of beginning.'' It will be observed that after taking the northeast corner of lot four (4) as a starting point, the description runs·in a ''northwesterly direction 35 feet.'' Northwesterly may be at an angle of forty-four degrees or forty-six degrees or at some other angle approximating northwest. It is evidently not the intention of the conveyance to run due northwest thirty-five (35) feet, else such language would have been used. The language northwesterly is employed, we think, for the

express purpose of rebutting the idea that the land runs due northwest. The description does not state that the land runs northwesterly thirty-five (35) feet to a specific object or point, and therefore necessarily leaves the first stopping point in doubt. The description then attempts to run from this doubtful stopping point due southeast eighty (80) feet, and thence north to the point of beginning. It is apparent, therefore, from the face of the record that the city took nothing by the conveyance of March 2, 1898, from McInnis and wife; certainly it took nothing more than an equitable right, possibly to have this void deed so reformed by the chancery court as to make certain the description or to convey the land which was intended to be conveyed. We do not concede that this deed could ever be reformed. It is so utterly void on its face that the city took nothing, and we understand that a void conveyance cannot ever be reformed, and besides there is no declaration of the pleader that any attempt was ever made to reform. The declaration stands absolutely upon this conveyance as the basis for a breach of warranty, and of course the burden of proof upon Mr. Tally to show an absolute breach. This he has not shown by the conveyance made "Exhibit G" referred to.

McLEAN, J., delivered the opinion of the court.

The facts of this case are as follows: The common source of title was D. E. McInnis, and on March 2, 1898, D. E. McInnis and his wife donated to the town of Hattiesburg, for street purposes only, part of lot 4, in block 164, of the town of Hattiesburg. A description as found in the instrument donating the property is as follows: "Part of lot 4 in block 164 of the Crittenden survey of the town of Hattiesburg, Perry county, Mississippi, and more particularly described as follows, to wit: Commencing at the northeast corner of lot 4, and running in a northwesterly direction 35 feet; thence S. E. 80 feet;

thence north to the point of beginning.'' There is no evidence in the record when, if ever, the city or town of Hattiesburg accepted the donation, or when, if, indeed, at any time, possession of the property was taken under this conveyance, except there is a letter or notice, addressed to J. R. Tally, bearing date ''Hattiesburg, Miss., July 12, 1909,'' signed by the city clerk of Hattiesburg, wherein it is recited that: ''It appearing to the mayor and board of aldermen of the city of Hattiesburg that on the 2d day of March, 1898, D. E. McInnis sold and conveyed to the city a certain parcel of land [here follows a description of the land as described in the deed].'' This notice further reciting that: ''It further appearing that afterwards D. E. McInnis sold and conveyed the entire lot 4 to Arnold, without reserving said parcel of land conveyed to said city, and, further, that a deed has been executed to J. R. Tally by persons claiming through said Arnold the entire lot: Therefore be it resolved that the city of Hattiesburg does hereby assert its claim to said parcel of land conveyed to it by said D. E. McInnis, and the city clerk is hereby directed to notify J. R. Tally of said claim.'' D. E. McInnis and his wife, Ella McInnis, on January 25, 1902, sold and conveyed by warranty deed to J. T. Arnold the whole of said lot 4, and J. R. Tally by mesne conveyances became the owner of said lot 4.

When Tally received the notice from the clerk of the city of Hattiesburg, in pursuance of the resolution adopted by the board of mayor and aldermen of that city, he at once surrendered possession of a strip of land supposed to be described in the deed from McInnis and wife to the town of Hattiesburg. In other words, acting upon the assumption that said conveyance to the town of Hattiesburg conveyed a better title to the property than he (Tally) had received, appellant declined to contest the claim of the city, and brought this suit against his remote vendors for a breach of the covenants of warranty.

The defendants demurred to the declaration, assigning, among other grounds of demurrer, that the deed from McInnis to the town of Hattiesburg was void for want of a proper description.

It is unnecessary to notice any of the grounds of demurrer, except the one which is that the deed was void by reason of the description. It is clear and manifest that the description in the conveyance from McInnis and wife to the city of Hattiesburg was void. It is absolutely impossible to ascertain from this description what part of lot 4 was intended to be conveyed. The only point definitely fixed is the point of beginning, which is the northeast corner of lot 4, and from this point, the northeast corner of lot 4, it runs in a northwesterly direction thirty-five feet. How many degrees north or south of a straight northwest course it. is impossible to determine. It will not do to say, as argued by appellant, that the object and purpose was to run thirty-five feet northwest from the northeast corner of lot 4, for two reasons: (1) It does not say "northwest;" and, (2) if it did say "northwest," then in order to find the other end or point it would be necessary to retrace at least thirty-five feet of the eighty feet given as the other side of the lot conveyed. It will also be observed that from the southeast corner of the parcel attempted to be conveyed the distance is not given to the northeast corner of lot 4. The result is that Tally, the appellant, and plaintiff in the court below, so far as this record shows, has not lost any of the property which was conveyed to him. In other words, there is no breach in the covenants of warranty, and consequently he is not entitled to a recovery.

*Affirmed.*